Ruí'fr.\,C. J.
 

 The Court considers the decree to be erroneous. The defendants are not confined to the cause of demurrer assigned in it, but may insist,
 
 ore terms,
 
 on others. Without saying definitely, whether McDowell be a necessary, as well as a“ proper, party, the opinion of the Court is clear, that the personal representative of Vanhorn is an indispensable party. The principle of equity in respect to- parties is, that all persons interested in the subject of a suit ought to be before the Court, so as to be concluded by the adjudication, and, thus avoid the vexation and expense of future litigation of the same matter by an omitted party in interest. This principle clearly embraces the personal representative of Vanhorn, as the personal estate might be damnified, and is primarily liable on the obligation of Vanhorn, as it appears upon the statement in the bill; and, therefore, the personal representative would have a right to call for an application of the p’roceeds of the conveyed premises to his indemnity. This would be true, if the bill were
 
 quia timet,
 
 to prevent loss to the plaintiffs, as heirs at law of their father, or some of them, since the personal estate would likewise be liable for the debt, and, indeed, primarily so, as between it and the realty. But the case of the plaintiffs, as made in the bill, is -not even as strong as that; for, it is not stated that the ancestor left any real estate' to descend to his heirs, excepting- only the mortgaged premises. Hence, the plaintiffs are in no possible danger of loss out of their own property — :that is, out of property which is theirs in the view of this Court. The bill is filed by them merely in the character of part pf
 
 *264
 
 the heirs, upon whom, on the death of the mortgagee, the mortgaged premises descended, and their only interest is that of some of the trustees in trust for the debtor, and the, personal representative of the surety, and, upon the equity, of substitution, for the creditor. If a bill by some of the. trustees against the others, to compel the latter to join in a sale, will lie, at all, without request from the debtor, the representative of the surety, or the creditor — they not appealing to be under incapacity — it seems certain, that it will not, without the estate of the surety, at least, being represented. For, although trustees may proceed to sell, under a power or trust to that end, without applying to the Court to have the debt ascertained, yet the Court will not, at the instance of part of them, more than at that of the creditor, or other person claiming a benefit under the deed, decree a sale and require the other trustees to join in it, without its being established, that there is a debt, and what the amount of it is. The Court may not restrain trustees from selling upon their responsibility ; but, at the same time, the Court cannot-be active in compelling them to sell, without first being satisfied, that there ought to be a sale, and to what extent it should be made. That depends on the enquiry, whether there is a debt, and what it is. This bill admits that, by asking for an account from the defendant, Alexander, aqd praying that the debt may be ascertained. But, in order to an enquiry on that point, and .to render its result conclusive,.so as to protect the present parties, it is at least necessary that the
 
 cestui que
 
 trust— that is, the surety, or the representative of his estate, should be heard on the enquiry. Perhaps McDowell, the credit- or, may be a necessary party, since he might indirectly-derive, a benefit under the deed. But that need not. be .considered now, since the surety, for whose indemnity, it was the dkect purpose and effect of the deed to provide, ought to be, represented in this suit, in order to prevent these parties from being exposed to a future suit by the personal re-
 
 *265
 
 preservative, for the same matter. It must, therefore, be certified to the Court- of Equity, that the decree-is erroneous, and should be reversed, and a decree made, sustaining the demurrer, and dismissing the bill with costs. The plaintiffs must pay the costs in this Court.
 

 Per Curiam. Ordered accordingly..